IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DWAYNE E. FREEMAN, )
)
        Plaintiff, )
)
v. )
)   Case No. 1:23CV294
SGT KIM, *et al.*, )
)
        Defendants. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint [Doc. #2] filed by Plaintiff Dwayne Freeman asserting a claim under 42 U.S.C. § 1983 against Sergeant Kim, Sergeant Laura, and Lieutenant Knight of the Scotland County Sheriff's Department. In conjunction with the Complaint, Plaintiff also submitted an Application to Proceed *In Forma Pauperis*. For the reasons set out below, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o]

not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Id.[1] As part of this review, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In the present case, Plaintiff alleges that in January 2016, he was sentenced in Scotland County to 36 months confinement for Driving While Impaired and 120 days for Driving While License Revoked, both suspended.[2] The suspended sentences were activated on May 1, 2018 based on a probation violation. Plaintiff alleges that these sentences were to run concurrently

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

[2] Plaintiff previously filed a case in this District against Scotland County, which largely sets forth the same facts as alleged in the instant matter but against different defendants. See Freeman v. Scotland County, No. 1:22CV653 (M.D.N.C. December 30, 2022) (recommendation of dismissal for failure to state a claim upon which relief may be granted and for seeking relief against defendants immune from such relief, without prejudice to re-filing). Petitioner did not file objections to the Recommendation in that case, and judgment was entered, but Plaintiff later filed the present Complaint. Attached to his Complaint in the instant matter, Plaintiff includes a request that the Court re-open Case No. 1:22CV653. (See Cover Letter, Attachment 1 to Compl. [Doc. #2-1].) This case was given a new case number when it was filed, so rather than re-opening the prior case it will be treated as a related case to the prior Complaint in 1:22CV653.

3

and were designated as a "misdemeanor confinement."[3] (Compl. [Doc. #2] at 4.) Plaintiff alleges that during the proceeding on May 1, 2018, the courtroom clerk in Scotland County "mistakenly put D.O.C. [Department of Corrections] on my commitment papers," and as a result he was mistakenly sent to prison (a state correctional institute) on May 3, 2018, rather than the county jail. (Compl. [Doc. #2] at 4.) Plaintiff further alleges that the mistake was discovered a few days later, and on May 14, 2018, he was picked up from the correctional institute with a direction to "release [him] if there was no other charges to hold [him]," but rather than being released, he was taken to another county jail and then held in custody for an additional 32 months on the 3-year DWI sentence. (Compl. [Doc. #2] at 5–6.) Plaintiff appears to be raising other contentions challenging his sentence, although the contentions are unclear.[4]

---

[3] Under the relevant state statutes, "a person sentenced to imprisonment of any duration for impaired driving under G.S. 20-138.1 . . . shall be committed to the Statewide Misdemeanant Confinement Program established under G.S. 148-32.1." N.C. Gen. Stat. § 15A-1352(f). The sentence for a Level 1 Aggravated DWI under § 20-138.1 is a minimum of 12 months to a maximum of 36 months, and a defendant "shall not be eligible for parole" but "shall be released from the Statewide Misdemeanant Confinement Program on the date equivalent to the defendant's maximum imposed term of imprisonment less four months and shall be supervised by the Division of Community Supervision and Reentry" for those four months. N.C. Gen. Stat. § 20-179(f3). Thus, for his 36-month Level 1 Aggravated DWI sentence, Plaintiff would not have been eligible for parole, and would have been detained for 32 months in the misdemeanant confinement program, followed by a 4-month term of supervision. As previously set out in the Court's Order and Recommendation in Freeman v. Scotland Cnty., Case No. 1:22CV653 (M.D.N.C. Dec. 30, 2022), the North Carolina misdemeanant confinement program designates to counties the responsibility for housing certain inmates in local facilities, with available space coordinated by the North Carolina Sheriff's Association, but also allows for transfer to the Department of Adult Corrections. See N.C. Gen. Stat. § 15A-1352, § 148-32.1. The designation to the misdemeanant confinement program would not affect the length of the sentence.

[4] Plaintiff filed a habeas petition in the Eastern District of North Carolina in 2019 (Case No. 5:19-hc-2104-FL (E.D.N.C.)), and his attachments in that case include the relevant state court judgments. These judgments reflect that Plaintiff was convicted of a DWI (Level 1 Aggravated) on January 20, 2016, with a 3-year minimum sentence activated on May 1, 2018 pursuant to a probation revocation. Records from NCPDS filed in that habeas case reflect that Plaintiff was originally sent to Scotland Correctional Institute but was released from that correctional facility on May 14, 2018, and instead served the remainder of his sentence at Bladen County Detention Center, which appears consistent with the misdemeanant confinement program. The records show that NCPDS calculated Plaintiff's sentence on the DWI conviction as an active 3-year sentence, beginning May 1, 2018, with a projected release date of December 31, 2020, for a total of 32 months consistent with N.C. Gen.

In the Complaint, Plaintiff brings claims for "Unlawful Imprisonment and Double Jeopardy," and specifically names Sergeant Kim, Sergeant Laura, and Lieutenant Knight, all as jailers at the Scotland County jail. Plaintiff specifies that he is suing them in their official capacities for their alleged role in his continued confinement. However, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25 (1991) (internal quotations omitted). The claims are therefore construed as claims against the entity, but to state a claim against an entity under § 1983, the claim must be based on injuries inflicted as a result of a policy or custom of the entity. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). Thus, official capacity claim under § 1983 must be based on a policy or custom of the entity of which the individual is an agent. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992); see also Gantt v. Whitaker, 203 F. Supp. 2d 503, 509 (M.D.N.C. 2002). In this case, Plaintiff has not alleged that his claims against various jail employees relate to an injury that resulted from an official policy or custom implemented by Scotland County or the Scotland County Sheriff. Therefore, Plaintiff has failed to state a factual basis for a § 1983 claim against Defendants in their official capacities.

Further, even if the Court considers the allegations as if asserted against Defendants in their individual capacities, Plaintiff has not set out factual allegations that would plausibly establish a violation of his constitutional rights by these Defendants. As to Defendant Kim, Plaintiff alleges that following the sentencing proceeding on May 1, 2018, Sgt. Kim "put me

---

Stat. § 20-179(f3). The habeas petition was ultimately dismissed based on Plaintiff's failure to exhaust his remedies in state court (Order [Doc. #33] in 5:19-hc-2104-FL (E.D.N.C.)).

Case 1:23-cv-00294-LCB-JEP    Document 3    Filed 01/30/24    Page 5 of 7

on the first bus to prison on May 3." Plaintiff contends that because he was mistakenly sent to a prison rather than a county jail, he was then ordered to be picked up from the prison facility on May 14, 2018, with the direction to "release me if there was no other charges to hold me." (Compl. at 4.) Plaintiff contends that after he was picked up from the prison, he was returned to Scotland County Jail and that Sgt. Laura was on duty and decided to hold him until Lt. Knight came back on duty on Monday. (Compl. at 4-5.) Plaintiff alleges that when Lt. Knight came on duty, he initially told Plaintiff that his "paperwork was in order" and that "he would be back to cut [Plaintiff] loose." However, Plaintiff alleges that when Lt. Knight returned, he informed Plaintiff that "they were looking for a way to reactivate [Plaintiff's] sentence," and Lt. Knight ultimately had Plaintiff put back into prison clothes and put on a van to Bladen County Jail on the DWI offense on the 36-month sentence. (Compl. at 5.) Thus, all of Plaintiff's claims relate to jail officials confining him based on the 36-month DWI judgment, with Sgt. Kim putting him on a van to prison, Sgt. Laura holding him on the charges at the Stanley County Jail, and Lt. Knight sending him to Bladen County Jail on those charges, all based on the state court judgment and related directions for his service of that sentence. These contentions would not form a basis for a § 1983 claim for "unlawful imprisonment and double jeopardy." Plaintiff appears to be contesting the validity of the DWI judgment and his confinement on that 3-year sentence, and he seeks damages for being in jail for the 32 months that he served on that sentence. However, Plaintiff cannot bring a § 1983 claim against local jail officials for confining him on a state court judgment as a way to try to collaterally attack or undermine that state court judgment. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

6

Moreover, the question of where he served the sentence, whether in prison or in a local jail, was a matter of state law, and would not be the basis for a federal constitutional claim.[5]

Therefore, the Court will recommend that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. [6]

Based on the above analysis, Plaintiff's request to proceed in forma pauperis should not be approved, with the exception that in forma pauperis status shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted, without prejudice to Plaintiff re-filing his claims on the proper forms if he believes he can state a proper claim against a proper defendant under § 1983.

This, the 30th day of January, 2024.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[5] The Court also notes that even if Plaintiff asserted individual capacity claims, and even if he could clarify his claims to state a constitutional due process or Eighth Amendment violation, the individual Defendants could raise a defense of qualified immunity, and Plaintiff's claims would only proceed if he could show that these Defendants violated clearly established constitutional rights of which a reasonable person would have known. The Court need not consider that issue further at this time, given the lack of clarity and lack of sufficient allegations in the Complaint. If Plaintiff chooses to re-file his complaint to clarify his claims and the factual basis for the claims, the Court can consider whether to allow the case to proceed and can then consider any qualified immunity defense raised on a motion to dismiss.

[6] Plaintiff also makes general assertions regarding "mistreatment from staff members" during his 32-month confinement, but does not bring claims against those staff members or set out any facts supporting those contentions, and those claims appear to have been the subject of a separate suit in the Eastern District of North Carolina where he was confined (5:19-ct-3390-BO), which was dismissed on the defendants' motion for summary judgment.